**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| Jean Baranowski | 5:24-cv-02483-JGB-SP |
| PLAINTIFF(S) | |
| v. | |
| Deutsche Bank National Trust Company, et al. | **ORDER ON REQUEST TO PROCEED** *IN FORMA PAUPERIS* **(NON-PRISONER CASE)** |
| DEFENDANT(S) | |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.   ☒ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
☐ The action is frivolous or malicious.
☒ The action fails to state a claim upon which relief may be granted.
☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☒ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

November 22, 2024
_____
Date

_____
United States District Judge

On November 19, 2024, Plaintiff Jean Baranowski ("Plaintiff"), proceeding pro se, filed a complaint against Deutsche Bank National Trust Company, PHH Mortgage Corporation, and Western Progressive, LLC ("Defendants") alleging violations of the Real Estate Settlement Procedures Act ("RESPA") under 12 U.S.C Section 2605, et seq. and the Truth in Lending Act ("TILA") under 15 U.S.C. Section 1641. ("Complaint," Dkt. No. 1.)  Plaintiff is also seeking declaratory relief.  (Id.)  Although Plaintiff states that 15 U.S.C. Section 1641 is the Consumer Credit Protection Act ("CCPA"), Section 1641 is associated with TILA, which is encompassed within Title I of the CCPA. (See Complaint at 10.)  On the same day Plaintiff filed the Complaint, she also filed this in forma pauperis request ("IFP Request," Dkt. No. 2) and a petition for temporary restraining order/injunctive relief ("TRO," Dkt. No. 6).  Plaintiff asserts this Court has subject matter jurisdiction to hear this case under federal question and diversity jurisdiction. (See Complaint.)  However, it is clear Plaintiff's allegations fail to assert claims upon which relief may be granted against Defendants.

Plaintiff alleges that Defendants violated RESPA because they "conceal[ed] the true beneficiary of the loan and the holder." (See Complaint at 9.)  However, RESPA's purpose is to "curb abusive settlement practices in the real estate industry. Such amorphous goals, however, do not translate into a legislative intent to create a private right of action." See Saldate v. Wilshire Credit Corp., 711 F. Supp. 2d 1126, 1133 (E.D. Cal. 2010) (citing Bloom v. Martin, 865 F.Supp. 1377, 1385 (N.D.Cal.1994), aff'd, 77 F.3d 318 (1996)).  Further, "[a]ny damages—whether monetary or emotional—purportedly resulting from Plaintiff's lack of knowledge as to the owner of her loan are not plausibly related to her RESPA claim, because § 2605 relates only to the servicing of a loan, not to its ownership or validity." Tamburri v. Suntrust Mortg., Inc., 875 F. Supp. 2d 1009, 1014 (N.D. Cal. 2012).  Accordingly,  because Plaintiff's RESPA claim is premised on Defendants failure to disclose "the true beneficiary of the loan and the holder," the claim fails as a matter of law.

Further, Plaintiff argues that "[u]nder the Consumer Credit Protection Act, any transfers of the Mortgage Loan to the Trust would be in violation of Federal Statute if those transfers had not been recorded . . . within 30 days along with notification to Plaintiff that the transfer occurred." (See Complaint at 10.)  As such, Plaintiff alleges that Defendants violated TILA by "fail[ing] to provide any requisite notice of any transfer to the Trust." (See id. at 10-11 (citing 15 U.S.C. Section 1641(g).)  Plaintiff appears to rely on two instances in which Section 1641(g) disclosure requirements were allegedly triggered: (1) per the "Prospectus Supplement," Deutsche Bank National Trust Company was named as trustee of the mortgage loan on or about September 28, 2006 and (2) the Corporate Assignment of Deed of Trust, dated September 28, 2018, transferred "all [] interest under the [] Deed of Trust dated [July 5, 2006] . . ." to trustee Deutsche Bank National Trust Company. (See Complaint at 17, 55-56.)  The Court finds that neither instance trigger TILA's disclosure requirements under Section 1641(g).  First, "trustees of a deed of trust are exempt from TILA liability." Vargas v. JP Morgan Chase Bank, N.A., 30 F. Supp. 3d 945, 950 (C.D. Cal. 2014).  Further, "[S]ection 1641(g) imposes a disclosure obligation only when ownership of a 'mortgage loan' or underlying 'debt' is transferred" and a Corporate Assignment of Deed of Trust "appears to effect[] a transfer of . . . [the] beneficial interest in the loan—not the debt itself." Cheatham v. Real Time Resols., Inc.,  2020 WL 1000606, at *3 (C.D. Cal. Jan. 7, 2020); (Complaint at 55-56 (assigning interest in the Deed of Trust to trustee Deutsche Bank National Trust Company via a Corporate Assignment of Deed of Trust).)  As such, Plaintiff has not sufficiently alleged a TILA violation; nor can she.

As such, the Complaint fails to state a claim upon which relief may be granted.  Accordingly, the Court **DENIES** Plaintiff's IFP Request, **DISMISSES** the Complaint **WITH PREJUDICE**, and **DENIES AS MOOT** the TRO.

*(attach additional pages if necessary)*